**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Erie)**

| | | |
|---|---|---|
| Thomas L. Reed, Sr., | ) | No.: 1:08-cv-00154-SPB |
| | ) | |
| Plaintiff, | ) | Assigned to:  Susan Paradise Baxter |
| | ) | Cause:  42:1983pr Prisoner Civil Rights |
| v. | ) | |
| | ) | |
| Millcreek Police | ) | |
| All Officer Involved | ) | |
| Witness, | ) | |
| | ) | |
| Defendant. | ) | **ELECTRONICALLY FILED** |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUGMENT**

Defendants, Millcreek Police and Shawn Wills, Benjamin Bastow, Mays, and Lucas move for summary judgment and submit this brief in support thereof.

**STATEMENT OF THE CASE**

Defendants incorporate herein by reference their Concise Statement of Material Facts and Appendix as though fully set forth at length.

**A.     STANDARD FOR GRANTING MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party

must set forth "specific facts showing that there is a genuine issue for trial ..." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir.1990) (quoting *Anderson*, 477 U.S. at 251-52).

If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable ... or is not significantly probative," then summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. Moreover, it is not enough for the non-movant to show that there is some dispute as to facts, rather, "only disputes over facts that might affect the outcome of the suit will prevent summary judgment." *Anderson,* 477 U.S. at 248. *Accord Rexnord Holdings v. Bidermann*, 21 F.3d 522, 525 (2d Cir.1994) ("[T]he mere existence of some factual dispute between the parties will not defeat an other-wise properly supported motion for summary judgment[.]"); *Dykes v. DePuy, Inc.*, 140 F.3d 31, 36 (1st Cir.1998) ("summary judgment is not precluded by just any factual quibble").

In short, the summary judgment motion is an evidence testing device to see if there is sufficient evidence to support a party's position with respect to an issue for which that party bears the burden of proof at trial so as to justify holding a trial. *See, e.g., Anderson*, 477 U.S. at

249 ("there is no issue for trial unless there is sufficient evidence favoring the non moving party for a jury to return a verdict for the party."). *Fox v. Lawrence County Jail, et al.* 2008 WL 2704546 (W.D. Pa. 2008).

As set forth the by the Honorable William L. Standish of this Court,

> Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." . . . The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." . . . The moving party can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. . . . Once the moving party has met its burden, Fed.R.Civ.P. 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" . . . After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." . . .

*Osiris v. Borough of Whitehall*, 398 F. Supp. 2d 400 (W.D. Pa. 2005) (citations omitted).

**B.    ARGUMENT**

**I.    DEFENDANT MILLCREEK POLICE DEPARTMENT SHOULD BE DISMISSED FROM THIS MATTER.**

In order to hold a municipal entity liable, that entity's policy or custom must have caused the violation in which the plaintiff's claim. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). *See also Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978).  "'Policy is made when a decision

maker possessing final authority to establish municipal policy with respect to the action issues and official proclamation, policy, or edict.'"  *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000), *cert. denied* 531 U.S. 1072 (2001) (citations omitted) (other internal quotation marks omitted).  Further, "[c]ustoms are 'practices of state officials . . .  so permanent and while settled as to virtually constitute law.'"  *Id*. (citations omitted) (other internal quotation marks omitted).

In the present matter, the Plaintiff has not pled or identified any particular policy, custom, edict or practice established or passed by Millcreek Township or its Police Department that caused a violation of his constitutional rights.  Defendant Millcreek is therefore not properly on notice of what particular policy, custom, edict or practice, if any, allegedly caused a violation of Plaintiff's constitutional rights.

Because this Court need not give credit or accept as true Plaintiff's "bald assertions" and "legal conclusions" regarding liability against Defendant Millcreek Police Department, Plaintiff's claim against it fails as a matter of law and should be dismissed.  Additionally, for summary judgment purposes, summary judgment should be entered in favor of Millcreek Police Department as a matter of law because the Plaintiff cannot adduce any evidence in response to this motion that the Millcreek Police Department has in place a custom, policy, procedure or edict that caused a violation of his civil rights, or further that a supervisory practice or procedure was not implemented that caused a violation of his civil rights when knowledge existed that the failure to implement that practice or procedure created an unreasonable risk that such a violation would occur, which if implemented, would have prevented the violation.   Accordingly, summary judgment should be entered in favor of the Millcreek Police Department as a matter of law.

II.     **PLAINTIFF HAS FAILED TO PRODUCE EVIDENCE SUFFICIENT TO MEET HIS BURDEN OF PROOF THAT THE DEFENDANTS USED EXCESSIVE FORCE UPON HIM ORTHAT HE WAS A VICITM OF RACIAL DISCRIMINATION.**

With respect to claims against individuals, liability under §1983 "is personal in nature and can only follow personal involvement in the alleged wrongful conduct, shown through specific allegations of personal direction or of actual knowledge or acquiescence." *Rode v. Dellarciprete,* 845 F. 2d 1195, 1207 (3d Cir. 1988).

In this case, plaintiff has failed to produce any evidence sufficient to support his claims against these defendants that excessive force was used against him, specifically, that these defendants caused injury to him by intentionally "slamming him to the pavement" (Original complaint IV C).

The defendants respectfully submit that the evidence of record in this matter is to the contrary.  The independent eyewitness, Lasoff, testified at the criminal trial of plaintiff that was taken out of the building by the officers involved in his arrest and:

> **They put him on the ground. He [Reed] started just yelling, he was going to kill them, bashing his head off the concrete, still yelling that he's a victim of violence. And it---it wasn't him, it was another officer that was there—it might have been him, that was trying to hold him from smashing his head on the concrete—pounding his head on the concrete. (Statement of material facts, 3 through 5).**

In addition, plaintiff himself testified at his criminal trial, concerning the injuries that he allegedly suffered at the time.   Upon direct examination by his counsel the following took place:

> **Q.     When you were outside in custody, in handcuffs, did you slam your head against the pavement?**
>
> **A.     No. What happened, they was carrying me, and the officers said I was a heavy guy, and they wasn't strong enough., and they dropped me. It was three of them and they was carrying me and they dropped me. When they dropped me, I landed head first. He said that they was weak. I'm a heavy guy, they couldn't carry me, so they dropped me. And when they dropped me down on the ground, that was it.**
> (Statement of material facts, 6)

In addition, although Plaintiff claims that he was the victim of racial discrimination in his Complaint, he has produced no evidence to corroborate that claim. Defendants submit that it the claim is based upon his arrest, the evidence from the independent witness concerning the threatening gestures made by Reed against him with the zip knife clearly show that there was cause to make the arrest of Plaintiff and race had no bearing on the arrest.  Should the claim be premised on the alleged excessive force, Defendants repeat Plaintiff's own testimony that any injury that Plaintiff suffered was self-inflicted or accidental—caused by the lack of strength of the Officers and Plaintiff being accidentally dropped and landing "head first".

## C.    CONCLUSION

For the reasons set forth above, the claims made by Thomas Reed, Sr., must be dismissed for failure to state a claim.  Defendants, Millcreek Police and Shawn Wills, Benjamin Bastow, Mays, and Lucas request this Honorable Court to grant their Motion for Summary Judgment.

Respectfully submitted,

**LAW OFFICE OF JOSEPH S. WEIMER**

By: s/Edmond R. Joyal
Edmond R. Joyal, Jr., Esquire
**Attorney for Defendants,**
**Millcreek Police and Wills, Bastow, Mays, and Lucas**
PA I.D. #65907
975 Two Chatham Center
Pittsburgh, PA  15219
(412) 338-3098
(412) 471-8748 (fax)
EJOYAL@travelers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2010, I electronically filed the foregoing BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT using the CM/ECF system which will send notification of such filing to:

**N/A**

And, I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participant(s) on March 19, 2010:

**Thomas L. Reed, Sr.**
**Erie County Prison**
**1618 Ash Street**
**Erie, PA  16503**

**LAW OFFICE OF JOSEPH S. WEIMER**

By: s/Edmond R. Joyal
    Edmond R. Joyal, Jr., Esquire
    **Attorney for Defendant,**
    **Millcreek Police**
    PA I.D. #65907
    975 Two Chatham Center
    Pittsburgh, PA  15219
    (412) 338-3098
    (412) 471-8748 (fax)
    EJOYAL@travelers.com