IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. REED, SR., )<br>      Plaintiff )<br>)<br>      v. )<br>)<br>MILLCREEK POLICE, et al., )<br>      Defendants. ) | C.A. No. 08-154 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 63] be granted.

**II.    REPORT**

    **A.    Relevant Procedural History**

On May 21, 2008, Plaintiff Thomas L. Reed, Sr., an inmate at the Erie County Prison in Erie, Pennsylvania, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the Millcreek Police Department ("Millcreek"), and Millcreek police officers Shawn Wills ("Wills"), Benjamin Bastow ("Bastow"), Officer Mays ("Mays"), and Lieutenant Lucas ("Lucas").[1] Plaintiff alleges that Defendants used excessive force against him during his arrest on April 27, 2008, in violation of his Fourth Amendment rights.[2] In addition, Plaintiff, an

---

[1] Plaintiff's original complaint merely named as defendants the Millcreek Police and "all officers involved." [ECF No. 5]. Plaintiff subsequently filed an amended complaint [ECF No. 33], and a second amended complaint [ECF No. 46], in which he specifically identifies the officers against whom his claims are brought.

[2] Plaintiff actually asserts that Defendants used excessive force against him in violation of his Eighth Amendment rights; however, the Supreme Court has proclaimed that "[a]ll claims that law enforcement officers have used excessive force - deadly or not- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 95 (1989); see also Brown v.

1

African-American, claims that Defendants' alleged conduct was an act of race discrimination. As relief for his claims, Plaintiff seeks monetary damages.

Defendants have filed a motion for summary judgment [Document # 63], arguing that Plaintiff has failed to state a claim upon which relief may be granted. In response to Defendants' motion, Plaintiff has filed several documents purporting to be motions for summary judgment [ECF Nos. 68, 73, 76, 80] and a motion for reconsideration [ECF No. 79], as well as two memoranda of law, and a brief. [ECF Nos. 69, 75, 77]. This matter is now ripe for consideration.

### B.   Relevant Factual History

At all times relevant to this case, Plaintiff was an employee of Engineered Plastics, Inc., which has a warehouse facility at 3150 West 22nd Street in Erie, Pennsylvania ("the facility"). On Saturday, April 26, 2008, Plaintiff completed his shift at the facility at 3:00 p.m., and then remained at the facility with another employee named Jason Deckert ("Deckert"). (See Plaintiff's trial testimony, ECF No. 65-1 at p. 15). Sometime between 6:00 p.m. and 8:00 p.m. that evening, Deckert telephoned Nick Lassoff ("Lassoff"), the supervisor of the facility, and informed him that Plaintiff was intending to stay overnight at the facility. (See Lassoff trial testimony, ECF No. 65-1 at p. 4). As a result, Lassoff and another employee, Raymond Lash ("Lash"), went to the facility later that night. (Id. at pp. 5-6). After entering the facility, they heard music coming from a radio that had been put in Lassoff's office, and discovered a number of beer cans in the office. (Id. at pp. 7-8). Lassoff testified at trial that when he attempted to call the police from his office, Plaintiff entered the office swearing and swinging a zip knife at them. (Id. at pp. 8-10). Both Lassoff and Lash ran from the facility and the police were notified.

Defendants Wills, Bastow, Mays, and Lucas responded to the call and arrived at the facility in the early morning hours of April 27, 2008. Defendant Bastow testified at Plaintiff's

---

Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir.1990). Thus, Plaintiff's claim will be more properly construed as one arising under the Fourth Amendment.

preliminary hearing that he and Defendants Wills and Mays entered the facility and encountered Plaintiff coming from the bathroom area of the facility "yelling and screaming that he had the right to be there." (See Bastow's preliminary hearing testimony, ECF No. 55 at p. 11).  Plaintiff was then taken into custody, handcuffed behind his back, and escorted from the facility. (Id.). Once outside the facility, Defendants Bastow and Wills testified that Plaintiff became irate and began shouting that Defendants were racist and were beating him. (Id. at p. 12; Wills' preliminary hearing testimony, ECF No. 55 at pp. 8-9).  Both Defendants testified further that Plaintiff then relaxed his body and became limp, at which point he was placed on the ground. (ECF No. 55 at pp. 9 and 13).  According to Defendants Wills and Bastow, as well as Lassoff, who remained at the scene, Plaintiff then began banging his head on the pavement, causing his head to split open, at which point Defendant Lucas intervened and sprayed pepper spray into Plaintiff's eyes to control him. (Id.; ECF No. 65-1 at pp. 11-12).  Plaintiff, on the other hand, testified at his trial that Defendants dropped him to the ground, causing him to land head first. (Plaintiff's trial testimony, ECF No. 65-1 at pp. 14-15).

### C.     **Standards of Review**
#### 1.     **Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v.

3

American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Defendant Millcreek

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has not even alleged the existence of a policy or custom that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged excessive use of force by the individual Defendants. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim against Defendant Millcreek and the same should be dismissed.

## **2.** **Excessive Use of Force**

Plaintiff alleges that the individual Defendants used excessive force and caused him to suffer injury by intentionally "slamming [him] to the ground." (ECF No. 33, Amended Complaint, at ¶ 3). In response, Defendants argue that Plaintiff "has failed to produce any evidence sufficient to support his claim." (ECF NO. 64, Motion for Summary Judgment, at p. 5). The Court agrees.

In Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir.1995), the Third Circuit explained the elements of an excessive force claim:

> An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person. Graham v. Connor, 490 U.S. 386, 394- 95 (1989). A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution. Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir.1990). Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force. Edwards v. City of Phila., 860 F.2d 568, 572 (3d Cir.1988).
>
> When a police officer uses force to effectuate an arrest that force must be reasonable. Graham, 490 U.S. at 396. The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving." Id. at 397.

Id. at 633-34.

Here, the overwhelming weight of the testimony of record indicates that Plaintiff inflicted his own head injury by banging his head on the pavement after he was placed on the ground by Defendants Bastow, Wills, and Mays. Such testimony belies any claim that Plaintiff's injury was caused by Defendants' excessive use of force. Moreover, even if this Court disregarded all other testimony of record, Plaintiff's own account of the incident at issue fails to establish that excessive force was applied by Defendants. Specifically, upon direct examination by his counsel, Plaintiff offered the following explanation of how his head injury occurred:

6

> Q. When you were outside in custody, in handcuffs, did you slam your head against the pavement?
>
> A. No, what happened, they was carrying me, and the officers said I was a heavy guy, and they wasn't strong enough, and they dropped me. It was three of them and they was carrying me and they dropped me. When they dropped me, I landed head first. He said that they was weak. I'm a heavy guy, they couldn't carry me, so they dropped me. And when they dropped me down on the ground, that was it.

(Plaintiff's trial testimony, ECF No. 65-1 at pp. 110-111).

Thus, the evidence of record establishes that Plaintiff's head injury was either self-inflicted or accidental, neither of which is sufficient to establish that Defendants intentionally used excessive force during their arrest of Plaintiff. As a result, Plaintiff's Eighth Amendment excessive use of force claim against the individual Defendants should be dismissed.

### **3.** **Race Discrimination/Equal Protection**

Plaintiff claims that Defendants subjected him to race discrimination. In the context of this action, such claim is construed as an equal protection claim under the Fourteenth Amendment. The Equal Protection Clause provides that no state shall "deny to any person ... the equal protection of its laws." U.S. Const. Amend. XIV, §1. All persons "similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Artway v. New Jersey, 81 F.3d 135, 1267 (3d Cir. 1996). "Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause." Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).

As a threshold matter, in order to establish an equal protection violation, the plaintiff must "...demonstrate that [he has] been treated differently by a state actor than others who are similarly situated simply because [he] belongs to a particular protected class." Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996).

Plaintiff's allegations in this regard fail as he has not identified the group to which he is similarly situated. Instead, Plaintiff's equal protection claim is based solely on his allegations that some of the Defendants made racially derogatory statements during his arrest. This is

7

insufficient to establish a denial of equal protection. Thus, Plaintiff has failed to state a claim upon which relief may be granted and this claim should be dismissed.

**III**  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [ECF No. 64] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 4, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge